**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MARQUIS N. NORWOOD,

                              Plaintiff,

       - v -                                                Civ. No. 1:19-CV-769
                                                                     (MAD/DJS)

ALBANY CITY POLICE DEPARTMENT, CURTIS
GRAHAM, and MEYERS,

                              Defendants.

**APPEARANCES:**                                       **OF COUNSEL:**

MARQUIS N. NORWOOD
Plaintiff, *Pro Se*
19-A-1780
Wallkill Correctional Facility
Box G
Wallkill, NY 12589

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Marquis Norwood. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted Motions to Proceed *in forma pauperis* ("IFP"). Dkt. Nos. 3 & 5, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court will *sua sponte* review the sufficiency of the Complaint.

# I. DISCUSSION

## A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis

in original) (citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

3

### B. Allegations Contained in Plaintiff's Complaint

The Complaint concerns events occurring September 8, 2018 in the City of Albany. *See generally* Compl. Plaintiff alleges that he was walking on a city street when he was approached "at a high rate of speed" by Albany City Police Officers in an unmarked car. Compl. at pp. 2-3. Plaintiff alleges that he ran away and was tackled by Defendant Graham. *Id.* at p. 3. He then alleges that Defendants Graham and Meyers repeatedly punched Plaintiff with what he alleges was unnecessary and excessive force. *Id.* at pp. 3 & 5. There are no factual allegations against the Albany City Police Department in the Complaint. *See generally* Compl. The Complaint asserts causes of action alleging violations of his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments. *Id.* at p. 5.

### C. Sufficiency of the Pleading

The general allegations made by Plaintiff, that he was the victim of an unwarranted and unreasonable use of force, would in most cases be sufficient to withstand initial review under 28 U.S.C. §§ 1915(e) and 1915A. *See, e.g.*, *Irvine v. City of Syracuse*, 2015 WL 2401722, at *4 (N.D.N.Y. May 19, 2015) ("claims of excessive force during the course of an arrest are analyzed under the Fourth Amendment."). Plaintiff, however, has not pled a Fourth Amendment claim. He asserts a claim under the Fifth Amendment, but such a claim lies only against federal actors, not city police officers, and so Plaintiff fails to state a Fifth Amendment claim. *Juliano v. DeAngelis*, 2007 WL 1267274, at *2

(N.D.N.Y. Apr. 30, 2007). Similarly, Plaintiff fails to allege an Eighth Amendment claim on these facts because the Complaint alleges that the use of force occurred during the course of an arrest, not after a conviction. *See Irvine v. City of Syracuse*, 2015 WL 2401722, at *4 (comparing standards for pre and post-conviction excessive force claims); *Kuar v. Mawn*, 2011 WL 838911, at *6 (E.D.N.Y. Mar. 4, 2011) (same).

Plaintiff also alleges a violation of the Fourteenth Amendment. The Second Circuit has recognized that "[t]he right not to be subject to excessive force, perhaps most commonly associated with the Fourth and Eighth Amendments, can also arise under the Fourteenth." *Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018). Given the allegations made and the deferential standard on initial review, the Court recommends that Plaintiff's Fourteenth Amendment claim be permitted to proceed.

Finally, Plaintiff also names the Albany City Police Department as a Defendant. "A city police department is not an independent, suable entity separate from the municipality in which the police department is organized." *Krug v. Cty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008); *see also EZ Pawn Corp. v. City of New York*, 2019 WL 2393780, at *9 (E.D.N.Y. June 5, 2019); *Cooper v. Proud*, 2018 WL 2729249, at *4 (N.D.N.Y. Mar. 22, 2018), *report and recommendation adopted*, 2018 WL 2727873 (N.D.N.Y. June 6, 2018). As a result, Plaintiff's claim against the Department must be dismissed.[1]

---

[1] In *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978), the Supreme Court recognized the potential for holding a municipality itself liable for the violation of constitutional rights based on the existence

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). However, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Here, Plaintiff's claims under the Fifth Amendment and against the Albany City Police Department cannot be cured by different pleading so the Court recommends that those claims be dismissed with prejudice. Plaintiff's pleading of an Eighth Amendment claim, however, could be cured by asserting a Fourth Amendment claim instead and so the Court additionally recommends that leave to amend be granted to Plaintiff in the event he wishes to do so.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the following be **DISMISSED with prejudice**:

(1) Plaintiff's Fifth Amendment Claim; and

(2) Plaintiff's claim against the Albany City Police Department; and it is further

---

of a municipal policy or custom. Such a claim requires particular pleading regarding the policy or custom. *Thomas v. Heid*, 2017 WL 9673716, at *3 (N.D.N.Y. Dec. 6, 2017), *report and recommendation adopted*, 2018 WL 1773130 (N.D.N.Y. Apr. 12, 2018). Plaintiff has made no such allegations here, but may be able to against a proper party if granted leave to amend.

6

**RECOMMENDED**, that Plaintiff's Eighth Amendment claim be dismissed but that Plaintiff be granted leave to amend should he wish to add a Fourth Amendment claim to the Complaint; and it is further

**RECOMMENDED**, that Plaintiff's Fourteenth Amendment claim be permitted to proceed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 12, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).