**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MARQUIS M. NORWOOD,**

                           **Plaintiff,**

  **vs.**                                           **1:19-CV-769**
                                                   **(MAD/DJS)**
**ALBANY CITY POLICE DEP'T,
CURTIS GRAHAM, and MEYERS,**
                           **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**MARQUIS N. NORWOOD**
19-A-1780
Wallkill Correctional Facility
Box G
Wallkill, New York 12589
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Marquis N. Norwood, commenced this action *pro se* on June 27, 2019, against

Defendants Albany City Police Department, Curtis Graham, and Meyers. *See* Dkt. No. 1.

Plaintiff filed an application to proceed *in forma pauperis*. *See* Dkt. No. 5.

      In a Report-Recommendation and Order dated August 12, 2019, Magistrate Judge Stewart

conducted an initial review of the complaint and made the following recommendations: (1)

Plaintiff's Fifth Amendment claim be dismissed with prejudice; (2) Plaintiff's claim against the

Albany City Police Department be dismissed with prejudice; (3) Plaintiff's Eighth Amendment

claim be dismissed with prejudice; (4) Plaintiff's Fourteenth Amendment claim be permitted to

proceed; and (5) Plaintiff be granted leave to amend the complaint. *See* Dkt. No. 8 at 6–7.

Plaintiff has not objected to Magistrate Judge Stewart's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, \*1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to file a timely objection will result in the waiver of further judicial review and cites the pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned" recitation of the alleged misconduct. *Id.* (citations and quotation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that Plaintiff's claim under the Fifth Amendment must be dismissed with prejudice. *See* Dkt. No. 8 at 4. The Fifth Amendment applies to federal, not state, actors. *See Juliano v. DeAngelis*, No. 1:06-CV-1139, 2007 WL 1267274, *2 (N.D.N.Y. Apr. 30, 2007) (citing *Snow v. Vill. of Chatham*, 84 F. Supp. 2d 322, 326–27 (N.D.N.Y. 2000)). Since Plaintiff's complaint names only city police officers, the Fifth Amendment claim must be dismissed.

Moreover, the Court finds that Magistrate Judge Stewart correctly determined that Plaintiff's claim against the Albany City Police Department should be dismissed with prejudice.

3

A police department cannot be sued independently because it is an agency of the city in which it is located. *See Krug v. Cty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008) ("A city police department is not an independent, suable entity separate from the municipality in which the police department is organized") (citing *Orraca v. City of N.Y.*, 897 F. Supp. 148, 152 (S.D.N.Y. 1995); *Wilson v. City of N.Y.*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)). Although a municipality can be liable when an employee acted pursuant to an official policy, custom, or practice of said municipality, *see Dorsey v. City of Albany Police Dep't*, No. 1:15-CV-859, 2015 WL 5724891, *4 (N.D.N.Y. Sept. 29, 2015), Plaintiff's complaint alleges no official policy, custom, or practice of the Albany City Police Department or the city itself.

Additionally, the Court finds that Magistrate Judge Stewart correctly determined that Plaintiff's Eighth Amendment claim must be dismissed with prejudice. *See* Dkt. No. 8 at 5. The Eighth Amendment applies only to individuals who have been convicted of a crime. *See Irvine v. City of Syracuse*, No. 5:14-CV-1565, 2015 WL 2401722, *4 (N.D.N.Y. May 19, 2015) ("In this case, because plaintiff had not been convicted of a crime at the time of the alleged use of excessive force, the Eighth Amendment does not apply to his excessive force claim"). Plaintiff's complaint does not allege that he was convicted of a crime related to these allegations. *See* Dkt. No. 1.

Furthermore, the Court finds that Magistrate Judge Stewart correctly determined that Plaintiff's Fourteenth Amendment claim proceed. "The right not to be subject to excessive force . . . can also arise under the Fourteenth [Amendment]." *Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018) (internal citations omitted). Plaintiff's complaint plausibly alleges a Fourteenth Amendment excessive force claim.

Lastly, the Court finds that Magistrate Judge Stewart correctly determined that Plaintiff should be granted leave to amend the complaint. In light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend his complaint to assert a claim under the Fourth Amendment. If Plaintiff decides to amend his complaint, he must clearly set forth the facts that give rise to a claim, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the personal involvement of any named Defendant. *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quotation omitted).[1]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated herein; and the Court further

**ORDERS** that Plaintiff's claim under the Fifth Amendment is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's claim against the Albany City Police Department is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's claim under the Eighth Amendment is **DISMISSED with prejudice**; and the Court further

---

[1] The Court directs Plaintiff to the guidance outlined in Magistrate Judge Stewart's Report-Recommendation and Order. *See* Dkt. No. 8 at 4 n.1, 5.

**ORDERS** that Plaintiff shall file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that the Clerk of the Court shall issue a summons and forward it with a copy of the current complaint to the United States Marshal for service; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 23, 2019
       Albany, New York

```
Mae A. D'Agostino
U.S. District Judge
```