UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARQUIS H. NORWOOD,

                                       **Plaintiff,**

   vs.                                                    1:19-CV-769
                                                                        (MAD/DJS)

CURTIS GRAHAM, *Police Officer #2789, Albany City Police Department*, and MEYERS, *Police Officer # 2754, Albany City Police Department*,

                                         **Defendants.**
_____

**APPEARANCES:**                                           **OF COUNSEL:**

**MARQUIS N. NORWOOD**
19-A-1780
Wallkill Correctional Facility
Box G
Wallkill, New York 12589
Plaintiff *pro se*

**THE REHFUSS LAW FIRM, P.C.**        **ABIGAIL W. REHFUSS, ESQ.**
40 British American Blvd.              **STEPHEN J. REHFUSS, ESQ.**
Latham, New York 12110
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff Marquis Norwood commenced this action on June 27, 2019, bringing claims against the Albany City Police Department and Police Officers Graham and Meyers. *See* Dkt. No. 1. Plaintiff asserted claims for unwarranted and excessive force in violation of the Fifth, Eighth, and Fourteenth Amendments. *Id*. On August 12, 2019, Magistrate Judge Daniel Stewart granted Plaintiff's request to proceed *in forma pauperis* and performed an initial review of the complaint.

Dkt. No. 7. In his initial review, Magistrate Judge Stewart recommended that the Court dismiss Plaintiff's claims under the Fifth and Eighth Amendments, dismiss any claims brought against the Albany Police Department, but permit Plaintiff to proceed under his excessive force claim brought under the Fourth and Fourteenth Amendments against Defendants Graham and Meyers. Dkt. No. 8. Neither party objected to Magistrate Judge Stewart's recommendations and the Court adopted the Report-Recommendation and Order on October 23, 2019. Dkt. No. 9.

On October 26, 2020, Defendants moved for summary judgment on Plaintiff's remaining Fourteenth Amendment claims. Dkt. No. 18. Plaintiff did not file a response. For the reasons set forth below, Defendants' motion is granted.

## II. BACKGROUND

On September 8, 2018, Defendant Officer Graham and his partner Officer Carkner were stopped at the intersection of Lark Street and Orange Street in the City of Albany, New York, when they observed Plaintiff, who they knew to have an active parole arrest warrant. Dkt. No. 18-2 at ¶ 1. As Officers Graham and Carkner approached Plaintiff, Plaintiff fled on foot. *Id*. at ¶ 2. The Officers chased after Plaintiff, who ignored the officers' commands to stop running and lie on the ground. *Id*. at ¶ 3. Officer Carkner stopped Plaintiff by grabbing him, controlling his arms and body with a "bear hug," and used a leg technique to bring Plaintiff to the ground. *Id*. at ¶ 5. Plaintiff sustained lacerations and swelling on his left eyebrow, forehead, and cheekbone. *Id*. at ¶ 6.

Plaintiff landed on his stomach with his left hand underneath his body and his right arm in front of him. *Id*. at ¶ 8. He ignored commands from the officers to put his hands behind his back. *Id*. at ¶ 9. Officers Dibble and Babcock then attempted to gain control of Plaintiff's hands. *Id*. at

¶ 10. Officer Dibble struck Plaintiff three times in the abdomen causing Plaintiff to put his right arm behind his back. *Id*. at ¶ 11.

After being taken into custody, Plaintiff was searched by Defendant Meyers and Officer Thompson. *Id*. at ¶ 13. The officers found a bag containing 1.3 grams of cocaine located in a coin pocket in Plaintiff's jeans. *Id*. Plaintiff was ultimately charged with one count of obstructing governmental administration in the second degree, one count of resisting arrest, one count of assault with intent to cause physical injury to an officer, and one count of criminal possession of a controlled substance. *Id*. at ¶ 14.

### III. DISCUSSION

**A.     Standard of Review**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on

the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252 (emphasis and alterations in original)). "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' . . . and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.**     **Fourteenth Amendment**

Defendants assert that they are entitled to summary judgment on Plaintiff's Fourth and Fourteenth Amendment claims because the alleged force used was committed by different officers not named as defendants in the suit. Dkt. No. 18-1 at 2. Further, Defendants argue that such conduct is insufficient to rise to the level of excessive force. *Id*. The Court agrees.

"Excessive force claims related to an arrest or seizure are evaluated under the Fourth Amendment using an 'objective unreasonableness' standard." *Bogart v. City of New York*, No. 13-cv-1017, 2016 WL 4939075, *7 (S.D.N.Y. Sept. 6, 2016) (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)). "Excessive force claims asserted in the 'non-seizure, non-prisoner context' are analyzed under the Due Process Clause of the Fourteenth Amendment using a more stringent 'shocks the conscience' standard." *Id.* (quoting *Rodriguez v. Phillips*, 66 F.3d 470, 477 (2d Cir. 1995)); *see also Tierney v. Davidson*, 133 F.3d 189, 199 (2d Cir. 1998) ("Plaintiffs do not assert that they were arrested or seized, and therefore these claims fall outside of the Fourth Amendment protections applied in *Graham* ... and are governed instead by the Due Process Clause of the Fourteenth Amendment"). Since the force used in the present matter occurred during Plaintiff's arrest, his claims are properly analyzed under the reasonableness standard set forth in *Graham*.

"'The Fourth Amendment prohibits the use of excessive force in making an arrest, and whether the force used is excessive is to be analyzed under that Amendment's reasonableness standard.'" *Outlaw v. City of Hartford*, 884 F.3d 351, 366 (2d Cir. 2018) (quoting *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015)). "The 'proper application' of this standard 'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham*, 490 U.S. at 396). The reasonableness determination must include

5

consideration of the fact that law enforcement officers often are forced to make quick decisions under stressful and rapidly evolving circumstances rendering the calculation of what amount of force is reasonable difficult. *See Graham*, 490 U.S. at 396-97. Relevant factors include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect was actively resisting arrest. *See Brown*, 798 F.3d at 100 (citing *Graham*, 490 U.S. at 396).

Moreover, to support an excessive force claim, the plaintiff must establish that the defendant used more than *de minimis* force. *See Feliciano v. Thomann*, 747 Fed. Appx. 885, 887 (2d Cir. 2019). "Even conduct that caused some physical pain and resulted in side effects need not be compensated if a jury finds that such injuries were *de minimis*." Nevertheless, while "not every push or shove constitutes excessive force," *Lennon v. Miller*, 66 F.3d 416, 426 (2d Cir. 1995) (citing *Graham*, 490 U.S. at 396), a show of force by an officer that is overly disproportionate to the risk of harm may support a claim for excessive force. *See Gersbacher v. City of New York*, No. 1:14-cv-7600, 2017 WL 4402538, *11 (S.D.N.Y. Oct. 2, 2017) (denying the defendant police officers motion for summary judgment on the plaintiff's excessive force claim where evidence showed that the plaintiff verbally opposed the arrest, but did not attempt to flee or attack the arresting officer, calling into question whether the force used by the arresting officer, which caused relatively minor injuries, was excessive). The "reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Brown*, 798 F.3d at 100-01.

Plaintiff's complaint[1] asserts that on or about September 8, 2018, Officers Graham and Meyers attempted to arrest him. Dkt. No. 1 at 2-4. When the officers approached, Plaintiff began to take off on foot. *Id*. at 3. Plaintiff asserts that Officer Graham tackled him, held him down, and punched him repeatedly in the face. *Id*. Afterwards, Officer Meyers proceeded to hit Plaintiff while he and Officer Graham shouted racial slurs. *Id*. Plaintiff asserts that he suffered a broken nose and road rash as a result of the incident. *Id*. at 4.

In their motion for summary judgment, Defendants deny that they ever punched Plaintiff in the face. Dkt. No. 18-1 at 2. They assert the only physical contact between Defendants and Plaintiff occurred when Officer Meyers conducted a search of Plaintiff after he was arrested and when Officer Graham restrained him while another officer handcuffed him. *Id*. at 3. Defendants assert that Plaintiff suffered lacerations on his face during the arrest due to a "bear hug" and leg trip technique employed by Officer Carkner, who is not named as a defendant in this suit. Dkt. No. 18-2 at ¶¶ 5-6.

Defendants have demonstrated there is no genuine issue of material fact that Defendants Graham and Meyers did not use excessive force. Defendants have supplied the arrest report demonstrating that Officer Meyers did not partake in the arrest. Dkt. No. 18-4 at 1. Defendants also provided the Albany Police Department Subject Resistance/Use of Force Report demonstrating that Officer Carkner stopped Plaintiff during the arrest and caused him to fall and hit his head. Dkt. No. 18-5 at 3. The report also details that Officer Dibble struck Plaintiff three times. *Id*. The only physical contact between Plaintiff and Officer Graham was when Officer

---

[1] Plaintiff appears *pro se* and has failed to file an opposition to Defendants' motion for summary judgment. However, "summary judgment only is 'appropriate' when the moving party has met its burden of production under Fed. R. Civ. P. 56(c) 'to show initially the absence of a genuine issue concerning any material fact.'" *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) (quoting *Adickes v. S. H. Kress & Co*., 398 U.S. 144, 159 (1970)).

Graham retrained him so that another officer could place Plaintiff in handcuffs. *Id*. Officer Meyers is not mentioned except in the strip search report. *See id*.; Dkt. No. 18-6. Defendants assert that Officer Meyers had no other physical contact with Plaintiff. Dkt. No. 18-1 at 3. Plaintiff has not presented any evidence indicating any other physical contact between himself and Officers Graham and Meyers.

Plaintiff only asserts excessive force in effecting his arrest based on the alleged tackling and striking. The record demonstrates that Officers Carkner and Dibble were responsible for tackling Plaintiff and striking him. The undisputed facts before the Court demonstrate that Defendants Meyers and Graham were not personally involved in this conduct. *Rifenburg v. Hughes*, No. 1:15-CV-978, 2016 WL 866344, *2 (N.D.N.Y. Mar. 3, 2016) ("Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained"). Moreover, given that Plaintiff was attempting to evade arrest and then actively resisting, the use of force employed by Defendant Graham (restraining him while he was being handcuffed) was reasonable given all of the circumstances.

Accordingly, the Court grants Defendants' motion for summary judgment.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 18) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 18, 2020
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge